## WILLIAM H. HACKETT v. TURNER J. STARKS AND ANOTHER.[1]

December 21, 1923.

No. 23,697.

**Denial of temporary injunction a discretionary order.**

The order of the trial court denying a temporary injunction against the construction of a building on the property of the defendants within a specified distance of the property line, the plaintiff claiming that an ordinance prohibited the construction within such distance, is sustained as a discretionary one.

Action in the district court for Ramsey county to restrain defendants from erecting a certain building and for a temporary injunction to restrain its construction during the pendency of the action. From an order discharging an order to show cause why a temporary injunction should not issue, Sanborn, J., and from the restraining order, plaintiff appealed. Affirmed.

*Peder M. Hage,* for appellant.

*George W. Hamilton, Jr.* for respondents.

DIBELL, J.

The court denied the application of the plaintiff for a temporary injunction restraining the defendants from building upon certain property within 30 feet of the street line, and he appeals.

[1]Reported in 196 N. W. 492.

The application was heard upon the complaint and opposing affidavits. An ordinance of St. Paul, known as No. 5608, requires property owners in residence districts not to build within 30 feet of the property line. It is claimed by the defendants that this ordinance is unconstitutional. Further, they claim that the later zoning ordinance, No. 5840, changes the residential districts fixed by ordinance No. 5608. And in opposition to this view it is the contention of the plaintiff that the effect of section 18 of ordinance No. 5840, which is in some measure an interpretation clause, prevents a construction of the ordinance resulting in a change of residence districts, a contention which is far-reaching indeed.

The record was perhaps such as to require a denial of the injunction; but in any event the court was right in denying it in the exercise of a proper discretion. The determination of the final question may be important to many. It should not be made on so inexact a record as is before us. The case, before a review establishing a final precedent, should go to hearing on evidence.

Order affirmed.