JOHNSON et al, Plaintiffs, v. COYNE, Secretary of State, Defendant.

(196 N. W. 492.)

(File No. 5553.  Opinion filed December 22, 1923.)

1. **Elections—Declaration to Obey Party Recall Not Applicable to President.**

> Party recall provisions of the Primary Law (Rev. Code 1919, Secs. 7176-7183) have no force as applied to the office of President of the United States, and the written declaration of candidate, required by section 7117, to "obey the party recall if invoked against me," is not necessary for candidate for President.

2. **Elections—Separate Petition Required for Each Office.**

> Rev. Code 1919, Sec. 7117, relating to proposal of candidates by petition for primary election, requires a separate petition for each office proposed to be filled.

3. **Elections—Proposal of Several Candidates for Same Office in One Petition, Not Exceeding Number to Be Elected, Proper.**

> Rev. Code 1919, Sec. 7117, relating to proposal of candidates by petition for primary election, permits, under section

7097, authorizing liberal construction of primary law, the names of the several candidates for presidential electors or the names of the several candidates for delegates and alternate delegates to national convention to be proposed in' one petition, when it proposes the precise number to be elected.

Hiram W. Johnson and another in behalf of themselves and others seek a writ of mandamus against Clarence E. Coyne to compel defendant, acting as Secretary of State, to file a petition in the form prescribed by Revised Code 1919, Sec. 7117. Demurrer to the application for the writ sustained.

*Byron S. Payne,* of Pierre, for Plaintiffs.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

GATES, J. Plaintiffs seek a writ of mandamus to compel the secretary of state to file a petition in the form prescribed by section 7117, Rev. Code 1919, signed by more than 1 per cent and less than 2 per cent of the electors of the Republican party based on the total vote cast by such party for Governor at the last general election. Rev. Code 1919, § 7118. Said petition proposed the name of Hiram W. Johnson of California for the office of President of the United States; the names of 5 Republican electors of this state for presidential electors; the names of 13 Republican electors of this state for delegates to the next Republican national convention, and the names of 13 Republican electors of this state for alternate delegates to said convention, all as independent candidates for the offices named. The defendant demurred to the application upon the ground that it did not state facts sufficient to entitle plaintiffs to such writ.

[1] The ground of refusal by the secretary of state to file such petition is that independent candidates for several offices may not be proposed by one petition, and that the written declaration of the said Hiram W. Johnson, required to be signed pursuant to said section 7117, did not contain the words "and obey the party recall if invoked against me." The last suggestion is of no force. Even if it be competent for South Dakota to require candidates for public office in this state to promise to abide by a party recall, it is not competent for this state to make such a requirement of a candidate for the office of President of the United states. A President is elected by the nation. Manifestly the party

recall provisions of our primary law (sections 7176-7183, Rev. Code 1919) can have no force as applied to the office of President. The proposition seems so axiomatic as not to require further discussion.

It is the contention of defendant that section 7117, Rev. Code 1919, does not permit the joining of candidates for more than one office in one petition, and that in the petition presented there are 32 offices combined, viz.: The office of President; 5 offices of presidential elector; 13 offices of delegate to the national convention; and 13 offices of alternative delegate to the national convention.

Said section 7117 reads as follows:

Sec. 7117. INDIVIDUAL CANDIDATE PROPOSAL PETITION. The name of no party candidate for President, vice president, presidential elector, United States senator, member of Congress, state offices, * * * national committeeman, delegates and alternates to national conventions, party state chairman, county legislative and district offices, or member of any party state central committee, shall be printed upon the official party ballot used at any primary held, as herein provided, except the candidates of two representative proposals within each party as herein provided, unless on or before January first, before the date of the primary, an individual candidate proposal petition shall have been filed in the office of the secretary of state, or county auditor, as the provisions of this chapter require, in substantially the following form:

### Individual Candidate Proposal by Petition.

We, the undersigned, qualified party electors of the state of South Dakota, do hereby promulgate the following principles:

(If the proposal is not for candidate for President or Governor then no statement of principles and paramount issue need be made.) ........................................................
..................................................................
..................................................................
and select the following well defined and definite principle for a public policy, as the paramount issue: ...........................
..................................................................
.............................. (Limited to eight words) and do hereby propose for nomination......who resides at......

in.........county, state of South Dakota, and who is an elector of the......party, for the office of........to be voted for at the primary to be held on the fourth Tuesday of March next; and we, and each of us for himself severally, do further declare that we intend to support the candidate named herein at said primary and to vote the......party ticket at the following November election.

| Name of Signers. | Postoffice. | Precinct. | County. | Date of Signing. |
| --- | --- | --- | --- | --- |
| .......... | ............. | .......... | .......... | ......... |
| .......... | ............. | .......... | .......... | ......... |
| .......... | ............. | .......... | .......... | ......... |

### Declaration of Candidate.

I do hereby declare that if nominated and elected I will qualify, adhere to the principles herewith proclaimed and obey the party recall if invoked against me.

| Signature of Candidate. | Residence. | Postoffice Address |
| --- | --- | --- |
| ................... | .............. | .............. |

[2, 3]   It is claimed by plaintiffs that, inasmuch as the same signers might sign each of separate petitions for said offices, it is within the rule of liberal construction (Rev. Code 1919, § 7097) to construe said section as authorizing the filing of the proposed petition. We are of the view that the plain meaning of said section requires a separate petition for each office proposed to be filled. It is so clear that there is no room for construction. From the black-letter heading of the section, from the heading to the form of the petition contained in the section, from the contents of the requisite form of the petition, and from the text proper of the section, it is clear that the section relates to a petition for an individual candidate; that is to say, a candidate for one office. It seems to be the clear intent of our primary law that candidates for more than one office may not be combined in a single proposal, except as they are proposed at the state or county proposal meeting or by a protesting proposal signed by 5 or more protesting proposalmen. But we are not impressed with the view that the 5 candidates for presidential electors should be considered by this section to be candidates for 5 separate offices. In a strict and technical sense this would be true, but in the larger view, and in the exercise of that liberality of construction authorized, it would

seem to us that, since South Dakota is entitled to 5 presidential electors, all of such electors might properly be. named by one petition. It is in reality a group office, and presumably this group stands as a unit for one candidate for. President. None of the proposed candidates are candidates against each other, and the precise number, and no more, of places to be filled in the group is covered by the nomination. This is the view taken by the California court in Wheeler v. Hall, 188 Cal. 49, 204 Pac. 231. We are therefore of the opinion that an independent petition proposing candidates for presidential electors may lawfully contain the names of 5 candidates.

The same may be said in relation to a petition proposing candidates for delegates and alternates to the national convention. The 13 delegates and the 13 alternates may properly be proposed by one petition.

Our conclusion therefore is that, since the petition presented to the secretary of state contemplates the filing of three offices, viz: (1) President; (2) presidential electors; and (3) delegates and alternates, the secretary of state rightfully refused to receive and file it, and that the demurrer to the application for the writ of mandamus should be sustained.

It will be so ordered.

Note.—Reported in 196 N. W. 492. See, Headnote (1), American Key-Numbered Digest, Elections, Key-No. 126(4), 20 C. J. Sec. 104; (2) Elections, Key-No. 126(1), 20 C. J. Sec. 106; (3) Elections, Key-No. 126(1), 20 C. J. Sec. 106.